UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Case No.: 2:25-cv-00155-JMW

------------------------------------------------------------------X
NEUROLOGICAL SURGERY PRACTICE OF LONG ISLAND, PLLC,

Case No. 2:26-cv-02645

**AFFIDAVIT OF SERVICE**

Plaintiff(s),

-against-

EMBLEMHEALTH, INC.,

Defendant(s).
------------------------------------------------------------------X

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S PRE-MOTION TO DISMISS CONFERENCE REQUEST**

Plaintiff, Neurological Surgery Practice of Long Island PLLC, brought this action against Defendant EmblemHealth, Inc. ("Emblem") seeking to confirm the IDR determinations awarded to Plaintiff under the No Surprises Act ("NSA"). Emblem filed a request for a pre-motion conference to discuss moving to dismiss the Complaint. (ECF13.) Plaintiff then filed a response to Defendant's request for a pre-motion conference. (ECF 15.)

Plaintiff respectfully requests that the Court consider the following four decisions, issued after Plaintiff filed its response to Defendant's pre-motion conference request on July 17, 2026, when ruling on whether to conduct the pre-motion conference in anticipation of Defendant's motion to dismiss: *Northeast Plastic Surg. Ctr. v. Cigna Health & Life Ins. Co.*, No. 2:25-cv-1476 (JCH), 2026 WL2098146, at *4-*6 (D. Conn. Jul. 21, 2026); *Shareef Jandali Plastic Surg. LLC v. Cigna Health & Life Ins. Co.*, No. 3:25-cv-1168 (JCH), 2026 WL 2098149, at *4-*7 (D. Conn. Jul. 21, 2026); *Shareef Jandali Plastic Surg. LLC v. Cigna Health & Life Ins. Co.*, No. 3:25-cv-1367 (JCH), 2026 WL 2098939, at *4-*6 (D. Conn. Jul. 21, 2026); and *New England PA, LLC. v.*

*Cigna Health & Life Ins. Co.*, No. 3:25-cv-1475 (JCH), 2026 WL 2099041, at *4 to *6 (D. Conn. Jul. 21, 2026).

In each of these decisions, the court heavily relies on *Agag v. Cigna Health & Life Ins. Co.*, No. 3:25-cv-00498 (SRU), 2026 WL 1021213 (D. Conn. Apr. 15, 2026) as the basis for its decision in denying the health plan defendants' motion to dismiss. Plaintiff similarly relied on *Agag* in opposing Defendant Emblem's request for a pre-motion conference, further demonstrating the significance of that decision to the issues presently before the Court. Additionally, Emblem previously criticized *Agag*, arguing that it was wrongly decided and noting that the court there acknowledged another judge's conclusion that subject matter jurisdiction was lacking because NSA fails to provide a basis for seeking confirmation in federal court. Defendant further asserted that no subsequent decisions have followed *Agag*. The foregoing authorities, however, undermine that contention. Relying on *Agag*, the court concluded that subject matter exists, reasoning that "concluding otherwise would ignore the low bar that exists for federal question jurisdiction" (quoting *Agag v. Cigna Health & Life Ins. Co.*, No. 3:25-cv-00498 (SRU), 2026 WL 1021213 (D. Conn. Apr. 15, 2026); *Northeast Plastic Surg. Ctr. v. Cigna Health & Life Ins. Co.*, No. 2:25-cv-1476 (JCH), 2026 WL2098146, at *4-*6 (D. Conn. Jul. 21, 2026)).

Emblem's main point of contention is that there is no private right of action under NSA to confirm, enforce or collect an IDR award. However, in the foregoing decisions, the Court considered the same argument and concluded that the NSA does authorize judicial enforcement of IDR awards because its statutory language is sufficiently direct and specific. The court held that the text reflects Congress's intent to create both a right and remedy as the statute explicitly states that the insurer *shall* pay and specify the amount to be paid determined by the IDR award, the recipient and the deadline.

These decisions reinforce the reasoning of *Agag* and rebut Defendant's assertion that the case lacks persuasive support.

Dated: August 10, 2026

HARRIS BEACH MURTHA CULLINA PLLC
*Attorneys for Plaintiff*

By:______________________________
Roy W. Breitenbach
333 Earle Ovington Boulevard, Suite 901
Uniondale, New York 11553
(516) 880-8378
rbreitenbach@harrisbeachmurtha.com

TO: ALL COUNSEL OF RECORD